UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Paul Cartwright

and

Patrick Cartwright

Plaintiffs,

v.

MGK Industries,

Defendant.

Case No.

18   2733

JURY TRIAL DEMANDED

FILED
JUN 28 2018
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## COMPLAINT

NOW COMES Plaintiffs, Paul Cartwright (Plaintiff Paul") and Patrick Cartwright ("Plaintiff Patrick")[1] by and through their attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiffs initiate this action to redress violations of MGK Industries (hereinafter referred to as "Defendant") of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*) and the Pennsylvania Minimum Wage Act ("PA MWA" – 43 P.S. §§ 333.101, *et seq.*).

### JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

---

[1] Plaintiff Paul Cartwright and Plaintiff Patrick Cartwright may be collectively referred to herein as "Plaintiffs."

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

6. Plaintiff Paul is an adult individual with a primary residence located at 1356 Benjamin Franklin Highway East, Douglasville, PA 19518.

7. Plaintiff Patrick is an adult individual with a primary residence located at 1406 A Farmington Avenue, Pottstown, PA 19464.

8. Defendant is a Pennsylvania business entity with a regular place of business located at 240 S. Roland Street, Pottstown, PA 19464.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFF PAUL

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff Paul Cartwright (hereinafter "Plaintiff Paul") was hired by Defendant as a Carpentry Foreman in or around November of 2009.

11. During his employment with Defendant, Plaintiff Paul was required to turn in weekly timesheets wherein he reported the total hours he worked for the corresponding week.

12. During his employment with Defendant, Plaintiff Paul regularly worked greater than forty (40) hours per week, and reported said hours on his weekly time sheets.

13. Plaintiff Paul's rate of pay was approximately $22.00 per hour, and he worked approximately fifty (50) hours per week.

14. Although Plaintiff Paul regularly reported all hours worked, which often included greater than forty (40) hours per week, his paystubs regularly reflected less hours than that which was reflected on his weekly time sheets.[2]

15. It should be noted that Plaintiff Paul worked approximately the same hours as his son, Plaintiff Patrick, and that they would often commute to and from work in the same work vehicle.

16. Despite working the same number of hours, the Plaintiff's paystubs reflected different hours.

17. Defendant often failed to pay Plaintiff Paul the legally required overtime rate for hours worked in excess of forty (40) hours per week.

18. At all times relevant herein, Defendant knew Plaintiff Paul regularly worked greater than forty (40) hours per week because Plaintiff Paul reported all hours worked.

19. During his employment with Defendant, Plaintiff Paul made several verbal complaints to Defendant's management-level employees, including Tom Bonjo ("Mr. Bonjo") about Defendant's failure to pay overtime.

---

[2] Attached hereto as "Exhibit A" is a copy of Plaintiff Paul's time sheet for the week of ending April 19, 2015 and the corresponding paystub. The time sheet reflects that Plaintiff Paul reported working a total of 61.75 hours for that week (which amounts to 21.75 hours of overtime). However, the paystub for that week reflects that Plaintiff Paul was only paid 17 hours of overtime. This is by no means meant to be an exhaustive representation of the extent to which Plaintiff Paul was not paid overtime, but rather, is being referenced herein solely as an example.

20. Defendant did not take any remedial action in response to Plaintiff Paul's complaints.

21. Shortly thereafter, Plaintiff Paul resigned from employment with Defendant. Plaintiff Paul resigned from employment in large because: 1) Defendant had engaged in a pattern of failing to pay Plaintiff Paul the legally required overtime rate; 2) Defendant did not take any meaningful action to remedy Plaintiff Paul's complaints of unpaid overtime.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFF PATRICK

22. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23. Plaintiff Patrick Cartwright (hereinafter "Plaintiff Patrick") was hired by Defendant as a laborer in or around May of 2011.

24. During his employment with Defendant, Plaintiff Patrick was required to turn in weekly timesheets wherein he reported the total hours he worked for the corresponding week.

25. During his employment with Defendant, Plaintiff Patrick regularly worked greater than forty (40) hours per week, and reported said hours on his weekly time sheets.

26. Plaintiff Patrick's rate of pay was approximately $14.00 per hour, and he worked approximately fifty (50) hours per week.

27. Although Plaintiff Patrick regularly reported all hours worked, which often included greater than forty (40) hours per week, his paystubs regularly reflected less hours than that which was reflected on his weekly time sheets.[3]

---

[3] Attached hereto as "Exhibit A" is a copy of Plaintiff Paul's time sheet for the week of ending April 19, 2015 and the corresponding paystub. The time sheet reflects that Plaintiff Paul reported working a total of 61.75 hours for that week (which amounts to 21.75 hours of overtime). However, the paystub for that week reflects that Plaintiff Paul was only paid 17 hours of overtime. This is by no means meant to be an exhaustive representation of the extent to which Plaintiff Paul was not paid overtime, but rather, is being referenced herein solely as an example.

28. It should be noted that Plaintiff Patrick worked approximately the same hours as his father, Plaintiff Paul, and that they would often commute to and from work in the same work vehicle.

29. Despite working the same number of hours, the Plaintiff's paystubs reflected different hours.

30. Defendant often failed to pay Plaintiff Patrick the legally required overtime rate for hours worked in excess of forty (40) hours per week.

31. At all times relevant herein, Defendant knew Plaintiff Patrick regularly worked greater than forty (40) hours per week because Plaintiff Paul reported all hours worked.

32. During his employment with Defendant, Plaintiff Patrick made several verbal complaints to Defendant's management-level employees.

33. Defendant did not take any remedial action in response to Plaintiff Patrick's complaints.

34. Shortly thereafter, Plaintiff Paul resigned from employment with Defendant. Plaintiff Paul resigned from employment in large because: 1) Defendant had engaged in a pattern of failing to pay Plaintiff Paul the legally required overtime rate; 2) Defendant did not take any meaningful action to remedy Plaintiff Paul's complaints of unpaid overtime.

35. Plaintiff Patrick separated from his employment on or around the first week of January of 2017.

**Count I**
**All Plaintiffs v. Defendant**
**Violations of the FLSA**
**(Failure to Pay Overtime)**

36. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

37. Defendant is an employer as defined by the FLSA.

38. At all times relevant herein, Plaintiffs were employees of Defendant as defined by the FLSA.

39. Pursuant to the FLSA all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

40. At all times relevant herein, Plaintiffs' jobs were such that they does not qualify as an exempt employee under the FLSA.

41. Defendant violated the FLSA insofar as Defendant failed to pay Plaintiffs overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

42. Defendant's failure to pay Plaintiffs overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiffs were entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

43. The above actions constitute violations of the FLSA.

44. Plaintiffs are entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

45. Defendant lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiffs overtime was not a violation of the FLSA. Plaintiffs are therefore entitled to recover liquidated damages as prescribed by the FLSA.

### Count III
### All Plaintiffs v. Defendant
### Violations of the PA MWA
### (Failure to Pay Overtime)

46. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

47. Defendant is an employer as defined by the PA MWA.

48. Defendant violated the overtime provisions of the PA MWA insofar as Defendant failed to pay Plaintiffs the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

49. Defendant violated the PA MWA by virtue of its failure to adequately inform Plaintiffs of the applicable requirements of the PA MWA.

50. Defendant's failure to pay Plaintiffs overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiffs were entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

**WHEREFORE**, the Plaintiffs prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiffs, reimburse Plaintiffs and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiffs should be accorded those benefits illegally withheld from the date they first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiffs are to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.  Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.  Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.  Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable law; and

G.  Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiffs also have endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

*Michelle Dempsky*

Michelle R. Dempsky, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA Attorney ID No. 316564
1628 John F. Kennedy Blvd.
Suite 1650
Philadelphia, PA 19103
Telephone No.: (215) 475-3567
Facsimile No.: (215) 914-6053
md@lawkm.com

# **<u>EXHIBIT A</u>**

# **EXHIBIT B**

**MGK INDUSTRIES, INC.**

**WEEKLY TIME SHEET**

EMPLOYEE: Pat Czerwyul

WEEK ENDING: 9/11/2016

| DATE | Starting Time At Project Or At Shop | Ending Time For The Day | Total Hours At Job Site | Total Hours At Shop | Description of Work Completed Add Project Name (Required) | Travel Shop To Job Site | Travel Job Site To Shop | Total Hours Start To End Time | Foreman's Notes and Signature (Required) |
|---|---|---|---|---|---|---|---|---|---|
| MONDAY 9/5 | | | | | Holiday | | | 8 | |
| TUESDAY 9/6 | 6:00 | 3:30 | 9½ | — | Shop Roof | — | — | 9½ | [signature] |
| WEDNESDAY 9/7 | 6:00 | 2:30 | 8½ | — | Shop Roof | — | — | 8½ | [signature] |
| THURSDAY 9/8 | 6:00 | 2:00 | 7 | — | Crane Repairs | ½ | ½ | 8 | [signature] |
| FRIDAY 9/9 | 6:00 | 2:00 | 8 | — | Shop Roof | — | — | 8 | [signature] |
| SATURDAY 9/10 | | | | | | | | | |
| SUNDAY 9/11 | | | | | | | | | |

PATRICK L CARTWRIGHT

7•••1 1J404-0276

| EMPLOYEE | | SOC. SECURITY NO. | CHECK DATE 09/23/16 | PERIOD START 09/12/16 | PERIOD ENDING 09/18/16 | CHECK NO. 030555 |
|---|---|---|---|---|---|---|
| EARNINGS | HOURS | CURRENT EARNINGS | Y.T.D. EARNINGS | DEDUCTIONS | CURRENT | YEAR-TO-DATE |
| Regular Pay | 40.00 | 560.00 | 19,204.50 | Fed. W/T | 75.79 | 2,817.69 |
| OT/Premium | 3.00 | 63.00 | 2,535.75 | FICA | 46.52 | 1,730.94 |
| Sick | .00 | .00 | .00 | State W/T | 18.67 | 692.93 |
| Holiday | .00 | .00 | 448.00 | Local W/T | 7.60 | 282.84 |
| Vacation | .00 | .00 | 1,008.00 | SDI/SUI | .44 | 16.24 |
| Other | | .00 | .00 | CHECKING | 458.98 | 17,033.61 |
| Non-Taxable | | .00 | .00 | 125 PLAN | 15.00 | 570.00 |
| | 43.00 | 623.00 | 23,196.25 | Occ.Priv.T | .00 | 52.00 |
| HOURS | RATE | HOURS | RATE | | .00 | .00 |
| 40.00 | 14.0000 | | | | .00 | .00 |
| 3.00 | 21.0000 | | | | .00 | .00 |
| | | | | | .00 | .00 |
| GROSS | | 623.00 | 23,196.25 | | .00 | .00 |
| DEDUCTIONS | | 623.00 | 23,196.25 | | .00 | .00 |
| NET | | .00 | .00 | | .00 | .00 |

MGK INDUSTRIES, INC.

WEEKLY TIME SHEET

EMPLOYEE: Pat Gaturzut

WEEK ENDING: 9/18/2016

| DATE | Starting Time AM/PM Job Start | Ending Time AM/PM Job Stop | Total Hours Job Time AM Stop | Total Hours Lunch Time | Description of Work Completed And Project Name (Required) | Travel Start To Job Site | Travel Job Site To Shop | Total Hours Start To End Time | Foreman's Name And Signature (Required) |
|---|---|---|---|---|---|---|---|---|---|
| MONDAY 9/12 | 6:00 | 2:30 | 8½ | — | Shop - Roof | | 1 | 8½ | [signature] |
| TUESDAY 9/13 | 6:00 | 3:30 | 9½ | — | Shop - Roof | | 1 | 9½ | [signature] |
| WEDNESDAY 9/14 | 6:00 | 2:30 | 8½ | — | Shop Roof | 1 | | 8½ | [signature] |
| THURSDAY 9/15 | 6:00 | 3:30 | 9½ | — | Shop Roof | 1 | — | 9½ | [signature] |
| FRIDAY 9/16 | 5:30 | 3:00 | 9½ | — | Shop Roof | 1 | — | 9½ | [signature] |
| SATURDAY 9/17 | | | | | | | | | |
| SUNDAY 9/18 | | | | | | | | | |

PATRICK L CARTWRIGHT

| EMPLOYEE | | | SOC. SECURITY NO. | CHECK DATE 09/30/16 | PERIOD START 09/19/16 | PERIOD ENDING 09/25/16 | CHECK NO. 030581 |
|---|---|---|---|---|---|---|---|
| EARNINGS | HOURS | CURRENT EARNINGS | Y.T.D. EARNINGS | DEDUCTIONS | CURRENT | | YEAR-TO-DATE |
| Regular Pay | 40.00 | 560.00 | 19,764.50 | Fed. W/T | 77.37 | | 2,895.06 |
| OT/Premium | 3.50 | 73.50 | 2,609.25 | FICA | 47.32 | | 1,778.26 |
| Sick | .00 | .00 | .00 | State W/T | 18.99 | | 711.92 |
| Holiday | .00 | .00 | 448.00 | Local W/T | 7.73 | | 290.57 |
| Vacation | .00 | .00 | 1,008.00 | SDI/SUI | .44 | | 16.68 |
| Other | | .00 | .00 | CHECKING | 466.65 | | 17,500.26 |
| Non-Taxable | | .00 | .00 | 125 PLAN | 15.00 | | 585.00 |
| | 43.50 | 633.50 | 23,829.75 | Occ.Priv.T | .00 | | 52.00 |
| HOURS | RATE | HOURS | RATE | | .00 | | .00 |
| 40.00 | 14.0000 | | | | .00 | | .00 |
| 3.50 | 21.0000 | | | | .00 | | .00 |
| | | | | | .00 | | .00 |
| GROSS | | 633.50 | 23,829.75 | | .00 | | .00 |
| DEDUCTIONS | | 633.50 | 23,829.75 | | .00 | | .00 |
| NET | | .00 | .00 | | .00 | | .00 |